UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RICHARD SELBY,

        Plaintiff(s),

vs.

VALIANT HOLDINGS;                                COMPLAINT
GRANGER WHITELAW;
BLUE CAR PARTNERS LLC

        Defendant(s).
-----------------------------------------------------------------x

Plaintiff Richard Selby brings this action through his attorney Bridget E. Butler, Esq., against Valiant Holdings, Granger Whitelaw, and Blue Car Partners, LLC, and alleges as follows:

## OVERVIEW

1. Plaintiff Richard Selby [hereinafter "Selby" or "Plaintiff"] brings this action to recover monies which have been wrongfully withheld and taken as part of a conspiracy to defraud Plaintiff. Plaintiff had an ongoing business relationship with Defendant Granger Whitelaw [hereinafter "Whitelaw"] and Blue Car Partners LLC [hereinafter "Blue Car"].

2. Whitelaw solicited capital investments from Plaintiff for various start-up companies over the course of several years, in conjunction with his company Blue Car. Whitelaw and several business associates/employees, namely Ryan C. Gray [hereinafter "Gray"] and Brian Brick corresponded with Plaintiff regarding these investments. Whitelaw identified himself as a stock promoter with inside information regarding news of several companies. Plaintiff did invest in several of

these companies. This action seeks to recover monies intended for investment in an American company called First Asian Fuel Corporation ("First Asian Fuel"), as well as monies intended for investment in Vemics, Inc. ("Vemics"), as well as outstanding compensation owed for work performed by Plaintiff.

3. Plaintiff corresponded with Defendant regarding this particular investment over the course of several months at the end of 2005 and January 2006. Plaintiff agreed to invest $50,000 in First Asian Fuel after reviewing a written business plan for the company. On January 17, 2006, Plaintiff did receive the requested information regarding First Asian Fuel from Gray.

4. On January 20, 2006, Plaintiff executed a bank transfer of $50,000 to a client trust account, of Whitelaw's counsel in Beverly Hills, CA, intended for investment in First Asian Fuel. Gray forwarded a stock purchase agreement for Plaintiff for his execution and instructed him to fax back an executed copy and send an original to: Alkizia Investments, Inc., c/o Univalor Liason Office, 14 Rule Kleberg, 1201 Geneva, Switzerland.

5. However, later in the day, on January 20, 2006, an outgoing wire transfer was made from the client trust account to Univalor Trust S.A., Geneve, Switzerland, for Alkizia Investment Corp., in the amount of $50,000. The receipt of this bank transaction was obtained upon request by Plaintiff who inquired what was done with his money.

6. To date, despite repeated demands, Plaintiff has received no stock certificates for First Asian Fuel, or any proof of ownership in this company or any other, much less any refund of the $50,000 investment.

7. In June 2006, Defendant Whitelaw approached Plaintiff requesting a $35,000 bridge investment into Vemics, a Delaware corporation with a principal place of business in Nanuet, New York. Whitelaw made representations that this stock was "hot". Whitelaw then pressured Plaintiff to authorize a wire transfer of $35,000 into Defendant's account for the investment in Vemics.

8. Plaintiff proceeded to authorize a wire transfer of $35,000 on or about June 2, 2006, directly to a bank account of Whitelaw in New Jersey.

9. Upon receiving Plaintiff's funds, Defendant Whitelaw took numerous steps to depreciate the value of the Vemics stock. Upon information and belief, Whitelaw consulted with an Over The Counter ("OTC") advisor, regarding the immediate circulation of an email notification of an anticipated sharp decline in the value of Vemics. These actions resulted in the significant drop in value of the stock that caused Plaintiff to realize a loss of the entire investment. However, Plaintiff, to date, never received any stock certificate for this purchase of Vemics.

10. Plaintiff was also retained by Defendant Whitelaw, to be a consultant under contract for Valiant Holding, Inc., ("Valiant"). Pursuant to the contract, Plaintiff was to work for Valiant and be subsequently paid, on the 16th of every month, a salary of $10,000 plus expenses. Plaintiff worked for the time period of June 15, 2006 through July 15, 2006, and has never received payment for his work performed.

## PARTIES

11. At all times relevant to this action, Plaintiff Richard Selby, is an individual maintaining a residence at 5215 Ingersoll Avenue, Des Moines, Iowa 50312.