12. At all times relevant to this action, Defendant Valiant Holdings has maintained a principal place of business at 110 Crossways Park Drive, Woodbury, New York 11797. Blue Car is a New York Limited Liability Company maintaining a principal place of business at 350 Fifth Avenue, Ste. 6401, New York, New York 10118. Granger Whitelaw is an individual who now sits on the Vemics, Inc., Board of Directors. Vemics is located at 523 Avalon Gardens Drive, Nanuet, New York 10954. Mr. Whitelaw resides in New Jersey.

## JURISDICTION AND VENUE

13. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this action because there is diversity between the New York defendant Valiant Holdings, Inc., New York defendant Blue Car Partners LLC, New Jersey defendant Granger Whitelaw, and Iowa plaintiff Richard Selby. This action also involves violation of federal law.

## STATEMENT OF FACTS

14. Whitelaw solicited capital investments from Plaintiff for various start-up companies over the course of several years, in conjunction with his company Blue Car. Whitelaw is also president of Valiant. Whitelaw and several business associates/employees, namely Ryan C. Gray [hereinafter "Gray"] and Brian Brick corresponded with Plaintiff regarding these investments. Plaintiff did invest in several of these companies. This action seeks to recover monies intended for investment in two American companies – First Asian Fuel, and Vemics, in addition to compensation for work performed.

### A. FIRST ASIAN FUEL

4

15. Plaintiff corresponded with Defendant regarding this particular investment over the course of several months at the end of 2005 and January 2006. Plaintiff agreed to invest $50,000 in First Asian Fuel after reviewing a written business plan for the company. On January 17, 2006, Plaintiff did receive the requested information regarding First Asian Fuel from Gray.

16. On January 20, 2006, Plaintiff executed a bank transfer of $50,000 to a client trust account, of Whitelaw's counsel in Beverly Hills, CA, intended for investment in First Asian Fuel. Gray forwarded a stock purchase agreement for Plaintiff for his execution and instructed him to fax back an executed copy and send an original to: Alkizia Investments, Inc., c/o Univalor Liason Office, 14 Rule Kleberg, 1201 Geneva, Switzerland.

17. However, later in the day, on January 20, 2006, an outgoing wire transfer was made from the client trust account to Univalor Trust S.A., Geneve, Switzerland, for Alkizia Investment Corp., in the amount of $50,000, for 50,000 shares of First Asian Fuel. The receipt of this bank transaction was obtained upon request by Plaintiff who inquired what was done with his money.

18. Upon information and belief, Plaintiff's $50,000 investment was used to fund an audit of a different company, Alkizia Investment Corporation, without Plaintiff's consent.

19. Recently, Plaintiff discovered through Pacific Stock Transfer Company that 50,000 shares of common stock in First Asian Fuel was issued, in Certificate Number 126, to Plaintiff, c/o Granger Whitelaw, on June 29, 2006, six months

after the wire transfer and Plaintiff's execution and submission of a stock transfer agreement. Plaintiff never received this certificate.

20. To date, despite repeated demands, Plaintiff never received stock certificates for First Asian Fuel, in a timely manner, or any proof of ownership in this company or any other, much less any refund of the $50,000 investment, or any monies reflecting the value of the stock purchase.

21. None of the defendants filed a Form 144 Notice of Proposed Sale with the SEC, detailing compliance with SEC Rule 144 [17 C.F.R. section 230.144].

## VEMICS

22. In June 2006, Defendant Whitelaw approached Plaintiff requesting a $35,000 bridge investment into Vemics, Inc., ("Vemics"), a Delaware corporation with a principal place of business in Nanuet, New York. Whitelaw made representations regarding the value of this stock. Whitelaw then pressured Plaintiff to authorize a wire transfer of $35,000 into Defendant's account for the investment in Vemics, in exchange for 35,000 shares of Vemics common stock.

23. Plaintiff proceeded to authorize a wire transfer of $35,000 on or about June 2, 2006.

24. Upon receiving Plaintiff's funds, Defendant Whitelaw took numerous steps to depreciate the value of the Vemics stock. These actions resulted in the significant drop in value of the stock that caused the value of the stock to plummet.

25. Whitelaw held himself out to be an "insider" to Vemics. He had been on the Vemics Board of Directors up through 2005.[1] Whitelaw has never filed any

---

[1] Frederick Zolla, another Director of Vemics, did comply with New York law and register the company as an issuer of stock in 2005, with an offering of over $7 million US dollars. Granger Whitelaw never filed

documents regarding the above mentioned stock transactions, the $50,000 transfer for First Asian Fuels, and then the $35,000 transfer for Vemics, with the Securities and Exchange Commission, in violation of Section 5 of the Securities Act [15 U.S.C. section 77e and section 77d(1)].

## VALIANT

26. Plaintiff was also retained by Defendant Whitelaw, to be a consultant under contract for Valiant Holding, Inc., ("Valiant"). Whitelaw was the principal of Valiant and has been mentioned as a "partner" of Valiant in the media, recently. Pursuant to the contract, Plaintiff was to work for Valiant and be subsequently paid, on the 16th of every month, a salary of $10,000 plus expenses. Plaintiff worked for the time period of June 15, 2006 through July 15, 2006, and has never received payment for his work performed.

## FIRST CLAIM FOR RELIEF

### Violation of Section 5 of the Securities Act 15 U.S.C. section 77

27. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

28. Whitelaw violated Section 5 of the Securities Act [15 U.S.C. section 77e and section 77d(1)]. Whitelaw promoted stock in First Asian Fuel and Vemics, as an insider, but failed to file a Rule 144 Notice of Proposed Sale for the sale of 50,000 restricted shares of First Asian Fuel and the sale of 35,000 shares of Vemics.

29. Whitelaw violated Section 5 of the Securities Act [15 U.S.C. section 77e and 77d(1) because he is an affiliate who cannot rely on the Rule 144 [17 C.F.R.

---

any required documents with the SEC, in accordance with various rules under the Securities and Exchange Act of 1933, which he was required to do as an affiliate of an issuer of restricted stock, and/or an insider in control of restricted stock. Plaintiff does not qualify as an "accredited investor" under this Act.