section 230.144] safe harbor, or Section 4(1) [15 U.S.C. section 77d(1)] exemption, for the resale of 50,000 shares of First Asian Fuel stock.

30. Whitelaw violated Section 5 of the Securities Act [15 U.S.C. section 77e and 77d(1) because he is an affiliate who cannot rely on the Rule 144 [17 C.F.R. section 230.144] safe harbor, or Section 4(1) [15 U.S.C. section 77d(1)] exemption, for the resale of 35,000 shares of Vemics stock.

31. Plaintiff has suffered the loss of his $50,000 investment in First Asian Fuel and $35,000 investment in Vemics, as a result of defendants violations of Section 5 of the Securities Act 15 U.S.C. section 77.

## SECOND CLAIM FOR RELIEF

### Common Law Fraudulent Misrepresentation

32. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

33. Defendant Granger Whitelaw contacted Plaintiff regarding a stock purchase in a new company First Asian Fuel Corporation. Plaintiff orally agreed to invest $50,000 in this company.

34. The aforementioned agreement was oral in nature, and was based on good faith dealing, given the prior investment relationship between the parties.

35. At the time the Defendant made this representation to Plaintiff, the representation was clearly false.

36. At the time that Defendant made such representations to Plaintiff stating on numerous occasions that the investment would be for Plaintiff's stock ownership in First Asian Fuel, Defendant knew that such representations were false.

37. At the time that Defendant made such representation to Plaintiff, Defendant intended Plaintiff to act upon it by transferring a large sum of money to an agent of Defendant.

38. At the time that Defendant made such representation to Plaintiff, Plaintiff reasonably believed it to be true and Plaintiff was totally unaware of its falsity. Plaintiff researched the existence of First Asian Fuel and consulted an attorney regarding the investment decision.

39. Plaintiff reasonably relied on Defendant's representation and transferred $50,000 to an attorney agent of Defendant's in California, with the reasonable belief that he was making an investment in First Asian Fuel.

40. Plaintiff had a right to rely on Defendant's representation because they had a business relationship and Defendant was in the business of soliciting investments and First Asian Fuel was an actual registered entity.

41. Plaintiff did receive a stock purchase agreement to review, execute, and return to Defendant immediately after making the $50,000 wire transfer. Plaintiff did execute the agreement, return it to Defendant, in anticipation of receiving stock certificates in the mail.

42. In the subsequent months, Plaintiff did not receive any stock certificates for First Asian Fuel or any notice regarding this investment.

43. In the subsequent months, Plaintiff has made several oral and written demands regarding this investment and for his stock certificates, or a refund of his investment.

44. To date, Plaintiff has never received any stock certificates for First Asian Fuel, or a return of his $50,000 investment, despite repeated demands.

45. Accordingly, the agreement between the parties is void and Plaintiff has suffered damages equivalent to the $50,000 wire transfer for investment in First Asian Fuel.

## THIRD CLAIM FOR RELIEF

### Common Law Negligent Misrepresentation

46. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

47. Defendant owed a duty of due care to Plaintiff in his capacity as investment agent for First Asian Fuel; with all parties fully aware of the serious implications of their oral agreement, for Plaintiff to transfer $50,000 to an attorney agent of Defendant's in California for the purpose of purchasing stock in First Asian Fuel.

48. Defendant breached his duty of due care by misrepresenting to Plaintiff that he would transfer to him, stock certificates representing his ownership in First Asian Fuel, after Plaintiff reasonably relied on the misrepresentation and transferred the $50,000 and executed a stock purchase agreement.

49. Plaintiff did reasonably rely on the repeated and consistent statements of Defendants affirming and reaffirming the investment and Plaintiff's stock ownership in First Asian Fuel.

50. Plaintiff did not receive any proof of ownership of stock in First Asian Fuel and upon demanded his $50,000 investment back, Plaintiff has received nothing.

51. Accordingly, Plaintiff suffered damages in the amount of his investment of $50,000.

## FOURTH CLAIM FOR RELIEF

### Common Law Breach of Contract

52. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

53. Plaintiff duly and faithfully performed under the agreement to transfer his funds in the amount of $50,000 to an agent of Defendant, for the purpose of purchasing stock in First Asian Fuel.

54. The aforementioned agreement was in good faith and was coupled with full performance by Plaintiff.

55. Plaintiff came to realize that Defendant was not delivering any proof of Plaintiff's stock ownership in First Asian Fuel.

56. Plaintiff came to realize that his investment was wrongfully sent to a Swiss bank account with no connection to First Asian Fuel.

57. Plaintiff demanded his $50,000 investment be returned immediately as well as rescinded the contract.

58. To date, Defendant has refused to deliver to Plaintiff the $50,000 refund of his intended investment.

59. By reason of the foregoing, Defendant is indebted to Plaintiff for money had and received by Defendant on behalf of Plaintiff and wrongfully withheld, all to the monetary damage of Plaintiff.

## FIFTH CLAIM FOR RELIEF

### Common Law Fraudulent Misrepresentation

60. Paragraphs 1 through 25 are realleged and incorporated herein by reference.