61. Defendant Granger Whitelaw contacted Plaintiff regarding a stock purchase in a new company Vemics. Plaintiff orally agreed to invest $35,000 in this company.

62. The aforementioned agreement was oral in nature, and was based on good faith dealing, given the prior investment relationship between the parties.

63. At the time the Defendant made this representation to Plaintiff, the representation was clearly false.

64. At the time that Defendant made such representations to Plaintiff stating on numerous occasions that the investment would be for Plaintiff's stock ownership in Vemics, Defendant knew that such representations were false.

65. At the time that Defendant made such representation to Plaintiff, Defendant intended Plaintiff to act upon it by transferring a large sum of money directly to Defendant.

66. At the time that Defendant made such representation to Plaintiff, Plaintiff reasonably believed it to be true and Plaintiff was totally unaware of its falsity.

67. Plaintiff reasonably relied on Defendant's representation and transferred $35,000 to Defendant with the reasonable belief that he was making an investment in Vemics, at a certain value.

68. Plaintiff had a right to rely on Defendant's representation because they had a prior investing relationship and Defendant was in the business of soliciting investments and Vemics was an actual registered entity.

69. Subsequent to the transfer of funds, the value of Vemics stock dropped significantly, due to various actions by Defendant.

70. In the subsequent months, Plaintiff has made several oral and written demands regarding this investment and for his stock certificates, or a refund of his investment.

71. To date, Plaintiff has never received any stock certificates for Vemics, or a return of his $35,000 investment, despite repeated demands.

72. Accordingly, the agreement between the parties is void and Plaintiff has suffered damages equivalent to the $35,000 wire transfer for investment in Vemics.

### SIXTH CLAIM FOR RELIEF

73. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

74. Defendant owed a duty of due care to Plaintiff in his capacity as holder in control of stock for Vemics; with all parties fully aware of the serious implications of their oral agreement, for Plaintiff to transfer $35,000 to Defendant in New Jersey for the purpose of purchasing stock in Vemics.

75. Defendant breached his duty of due care by misrepresenting to Plaintiff that he would transfer to him, stock certificates representing his ownership in Vemics, after Plaintiff reasonably relied on the misrepresentation and transferred the $35,000, anticipating receipt of a stock certificate.

76. Plaintiff did reasonably rely on the repeated and consistent statements of Defendants affirming and reaffirming the investment and Plaintiff's stock ownership in Vemics.

77. At no time did Defendant suggest or did Plaintiff consent that his $35,000 be a donation of any sort to Vemics or Defendant.

78. Plaintiff did not receive any proof of ownership of stock in Vemics and upon demanded his $35,000 investment back, Plaintiff has received nothing.

79. Accordingly, Plaintiff suffered damages in the amount of his investment of $35,000.

## SEVENTH CLAIM FOR RELIEF

### Common Law Breach of Contract

80. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

81. Plaintiff duly and faithfully performed under the agreement to transfer his funds in the amount of $35,000 to Defendant, for the purpose of purchasing stock in Vemics.

82. The aforementioned agreement was in good faith and was coupled with full performance by Plaintiff.

83. Plaintiff came to realize that Defendant was not delivering any proof of Plaintiff's stock ownership in Vemics.

84. Plaintiff demanded his $35,000 investment be returned immediately as well as rescinded the contract.

85. To date, Defendant has refused to deliver to Plaintiff the $35,000 refund of his intended investment.

86. By reason of the foregoing, Defendant is indebted to Plaintiff for money had and received by Defendant on behalf of Plaintiff and wrongfully withheld, all to the monetary damage of Plaintiff.

## EIGHTH CLAIM FOR RELIEF

87. Paragraphs 1 through 26 are realleged and incorporated herein by reference.