UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RICHARD SELBY,

                         Plaintiff,

       -v-

GRANGER WHITELAW and BLUE CAR
PARTNERS LLC,

                      Defendants.

---------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED: JUL 0 6 2012**

10 Civ. 7267 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court is in receipt of a letter from Defendant Granger Whitelaw, attached hereto, indicating that his personal bankruptcy has been discharged and that Plaintiff, as a listed creditor, may not continue to prosecute the above-captioned matter.  Plaintiff is hereby ORDERED to respond to Defendant's letter on or before **July 16, 2012**.  Plaintiff shall submit his letter response in accordance with this Court's individual rules, including copying Defendant Whitelaw on all correspondence.

      SO ORDERED.

Dated: July 6, 2012
      New York, New York

                                       ALISON J. NATHAN
                             United States District Judge

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON JUL 0 6 2012
      PRO SE PARTY

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
United States Court House
500 Pearl Street
New York, NY 10007-1581

RE: Richard Selby v. Granger Whitelaw and Blue Cr Partners LLC: 10 Civ. 7267 (AJN)

Your Honor,

I am writing in response to your order dated May 18, 2012 that I have just received requesting
an update on the status of this case. I can only speak for myself, Granger Whitelaw as I have
worked with Blue Car Partners for years, nor do I communicate with Mr. Selby. Therefore, I am
not quite sure how to submit a 'joint letter', but I will send this to the last know address I have
for Mr. Selby.

The personal bankruptcy that I had last August was discharged under section 727 of title 11,
United States Code (the Bankruptcy code) on March 2, 2012. Mr. Selby was listed as a creditor
and is included in this discharge. Therefore, as I have been instructed by the courts in Florida,
any claim or debt are discharged and any attempt to collect such a debt is prohibited.
Furthermore, creditors are prohibited from pursuing any lawsuit against a debtor where a
discharge has been granted, such as this. I am attaching a copy of the Discharge of Debtor(s)
Order to this, signed by the Honorable Paul G. Hyman, Chief United States Bankruptcy Jude,
Southern District of Florida.

I would also like to provide you with a current mailing address for future communication:

Granger Whitelaw
562 E. Woolbright Rd.
#111
Boynton Beach, FL 33435

I hope this letter is satisfactory to your Honor.

Sincerely,

Granger Whitelaw
Pro Se
646-388-0906

cc: Richard Selby

Form CGFD39  (9/19/08)



**ORDERED in the Southern District of Florida on March 2, 2012**

**Paul G Hyman Jr**
Chief United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 11–33178–PGH**

**Chapter: 7**

In re: *

Granger Whitelaw
5105 B North Ocean Blvd
Boynton Beach, FL 33435

Last four digits of SSN/ITIN or Complete EIN: xxx–xx–6995

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor is entitled to a discharge,

## IT IS ORDERED:

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Copies to:  All Parties of record

---

*  Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social–security numbers or individual taxpayer–identification numbers (ITIN) or complete employer tax–identification numbers (EIN).

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor(s)' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

### # # #

*Page 2 of 2*